Filed 10/29/13  P. v. Jones CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALEXANDRIA ELIZABETH JONES,<br><br>    Defendant and Appellant. | F065666<br><br>(Super. Ct. No. CRF37695)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Levy, Acting P.J., Cornell, J., and Detjen, J.

## INTRODUCTION

On March 2, 2012, appellant, Alexandria Elizabeth Jones, was charged in a criminal complaint with transportation of methadone (Health & Saf. Code, § 11352, subd. (a), count I) and possession of methadone for sale (Health & Saf. Code, § 11351, count II). Appellant waived her right to a preliminary hearing and the complaint was deemed to be the information. At the conclusion of a jury trial, appellant was found guilty of count I and acquitted of count II.

On August 28, 2012, appellant was placed on probation for five years on various terms and conditions, including that she serve 90 days in county jail. Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## FACTS

On February 19, 2012, at ten minutes before midnight, Officer Eli Dillon of the California Highway Patrol was in a marked patrol car with his partner, Officer McDaniel, when he saw a van with a broken right brake light proceeding down the highway. This was a violation of the Vehicle Code. Dillon initiated a traffic stop. Appellant was driving. There were three passengers; a male in the front passenger seat and two female passengers in the back seats. Dillon smelled a strong odor of alcohol coming from the vehicle and asked appellant if she had been drinking. Appellant eventually admitted she had one drink.

While administering a field sobriety test, Dillon had appellant tilt her head back. When she did so, Dillon noticed a white crystalline substance in her nose that appeared to be methamphetamine. The male passenger was obviously intoxicated. Appellant's blood alcohol level was only .021 percent. Dillon took appellant's purse, located next to the driver's seat, and searched it in appellant's presence.

2

Dillon found a bundle of about 100 different sized ziplock baggies printed with different symbols in the appellant's purse. Dillon found a wadded up piece of foil that had been burned on one side and contained what appeared to be a mostly burnt prescription drug. Dillon also found two hollowed out pens that had a white, crystalline substance inside of them and a digital scale. Dillon searched the other passengers and found no controlled substances. Appellant was arrested for possession of drugs.

At the jail, Dillon asked appellant if she had anything that should not go into the jail. Appellant replied she had marijuana in her bra. A female deputy searched appellant and found a ziplock baggie in her underwear that contained two whole tablets and one half pill. One of the tablets was tested and came back positive for methadone and the second whole pill had the same pharmaceutical markings. The criminalist concluded both of the whole pills were methadone. The pens were tested and one of them contained traces of heroin, oxycodone, and methamphetamine.

Appellant's friend and one of the passengers, Nicole Diverty, testified that she had a prescription for methadone. According to Diverty, appellant dispensed the medication to Diverty so she would take it properly. Diverty stated that she gave appellant the entire prescription. On the night of the traffic stop, Diverty had brought her last two doses with her because they had planned to be out the entire evening.

Appellant testified that she dispensed Diverty's methadone and kept it in a safe in her house. Appellant admitted that at the time of her arrest she was using a little bit of everything and took the scale with her to measure drugs she purchased. Appellant denied selling drugs.

**APPELLATE COURT REVIEW**

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes

3

the declaration of appellate counsel indicating that appellant was advised she could file her own brief with this court. By letter on March 1, 2013, we invited appellant to submit additional briefing. To date, she has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.